IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THE ESTATE OF JUAN BENITEZ, DECEASED, et al., | § § § § | |
| Plaintiffs, | § § | Civil Action No. 3:13-CV-0468-D |
| VS. | § § | |
| SEARS, ROEBUCK AND CO., et al., | § § | |
| Defendants. | § | |

MEMORANDUM OPINION
AND ORDER

Plaintiffs move to abstain[1] and remand this removed case to state court on the basis that the court lacks federal question jurisdiction. Because the court concludes that defendants properly removed the case based on the court's diversity jurisdiction, the court denies the motion.[2]

I

Plaintiffs the Estate of Juan Benitez, deceased, Conce Benitez, David Benitez, and Glori Bella Benitez, individually, as personal representatives of the Estate of Juan Benitez, Deceased, and on behalf of all wrongful death beneficiaries brought this lawsuit in Texas

---

[1]Plaintiffs' motion to abstain appears to present grounds for remanding the case rather than abstaining (i.e., that the court, in the alternative, should remand all claims over which state-law predominates). The court denies the motion to abstain for the same reasons it denies the motion to remand.

[2]Defendants' response to the motion was due March 22, 2013, and the motion is now ripe for decision.

state court against defendants Sears, Roebuck and Co. ("Sears Roebuck"), Sears Holdings Corporation ("Sears Holdings"), and Sears Logistics Services, Inc. ("Sears Logistics"). In their state-court petition, plaintiffs allege several claims arising from the death of Juan Benitez, which allegedly occurred while he was acting as defendants' employee. Defendants removed the case to this court based on diversity jurisdiction. *See* Not. of Removal ¶ 6. Plaintiffs are all citizens of Texas. Defendants are citizens of New York, Illinois, and/or Delaware.

II

Plaintiffs move to remand, contending that their petition raises only state-law claims and that the court therefore lacks federal question jurisdiction. They posit that, to the extent the court concludes the petition presents a federal question, it should remand all matters in which Texas law predominates.

Whether this case was removable based on federal question jurisdiction is irrelevant because the case was removable based on the court's diversity jurisdiction. The matter in controversy exceeds $75,000, exclusive of interest and costs. And the parties are completely diverse, i.e., "'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'" *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (quoting *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004) (per curiam)). Plaintiffs are citizens of Texas, Sears Roebuck is a New York corporation with its principal place of business in Illinois, and both Sears Logistics and Sears Holdings are Delaware corporations with their principal places of business in Illinois.

* * *

Plaintiffs' March 1, 2013 motion to abstain and to remand is therefore denied.[3]

**SO ORDERED.**

March 25, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE

---

[3]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.